UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| BMO HARRIS BANK N.A., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: |
| TIGERS EXPRESS INC. and ANDRIJA LIPOVAC, | ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT FOR BREACH OF CONTRACT

Plaintiff BMO Harris Bank N.A., assignee of GE Capital Commercial Inc. (Transfer Acknowledgment attached hereto as **Exhibit A**), by and through its undersigned counsel, hereby submits this Complaint against Tigers Express Inc. and Andrija Lipovac, and in support thereof, avers as follows:

## PARTIES

1. Plaintiff BMO Harris Bank N.A. (hereinafter "BHB") is a national bank association and has a principal place of business in Chicago with an office at 111 W. Monroe Street, Chicago, Illinois 60603, among other locations.

2. Tigers Express Inc. ("TEI") is a corporation existing pursuant to the rules and laws of the State of Michigan, with a principal place of business located at 3280 Atlantic Drive, Port Huron, MI 48060, and as such, is within the Eastern District of Michigan.

3. Andrija Lipovac ("Lipovac") is an individual, whose address is located at 3280 Atlantic Drive, Port Huron, MI 48060. Lipovac is domiciled, a resident, and a citizen of the Eastern District of Michigan for diversity purposes.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as there is diversity in citizenship and there is an amount in controversy that exceeds $75,000.

5. This judicial district is proper venue for this proceeding pursuant to 28 U.S.C. §1391(b)(2), as the Defendant resides, lives or does business in the Eastern District of Michigan and as a substantial part of the events giving rise to the cause of action, including signing of the contracts at issue, occurred in the Eastern District of Michigan.

## BACKGROUND

*Loan and Security Agreement 1*

6. On or about June 29, 2015, TEI entered into a Loan and Security Agreement (hereinafter "Agreement 1") with BHB in the total amount of $95,270.58 attached hereto as **Exhibit B,** for the use of the following:

| Year | Manufacturer | Model | Description | Serial Number |
|------|--------------|-------|-------------|---------------|
| 2014 | VOLVO | VNL-SERIES | VNL-SERIES: VNL64T/670 SLPR 173"BBC CONV CAB SBA TRACTOR 6X4 | 4V4NC9EH0EN154898 |

7. Pursuant to Agreement 1, TEI agreed to make monthly payments of $1,764.27 for the purchase of the above Equipment (hereinafter "Equipment 1") beginning on or about August 1, 2015 for a term of 54 months.

8. Pursuant to paragraph 5.1 of Agreement 1, entitled "Events of Default," TEI will be in default under the loan if "Debtor" fails to pay when due any amount owed by it to BHB under this Agreement.

9. Pursuant to paragraph 5.2 of Agreement 1, entitled "Remedies," upon default TEI, BHB may "declare the indebtedness hereunder to be immediately due and payable."

2

10. On or about September 1, 2019, TEI defaulted under the terms of Agreement 1 by failing to make the minimum monthly payment.

*Loan and Security Agreement 2*

11. On or about December 18, 2015, TEI entered into a Loan & Security Agreement (hereinafter "Agreement 2") with BHB in the total amount of $180,837.90, attached hereto as **Exhibit C**, for the purchase of the following:

| Year | Manufacturer | Model | Description | Serial Number |
|---|---|---|---|---|
| 2014 | VOLVO | VNL-SERIES | VNL-SERIES: VNL64T/670 SLPR 173"BBC CONV CAB SBA TRACTOR 6X4 | 4V4NC9EH1EN162007 |
| 2014 | VOLVO | VNL-SERIES | VNL-SERIES: VNL64T/670 SLPR 173"BBC CONV CAB SBA TRACTOR 6X4 | 4V4NC9EH5EN162009 |

12. Pursuant to Agreement 2, TEI agreed to make monthly payments of $3,348.85 for the purchase of the above Equipment (hereinafter "Equipment 2") beginning on or about February 1, 2016 for a term of 54 months.

13. Pursuant to paragraph 5.1 of Agreement 2, entitled "Events of Default," TEI will be in default under the loan if "Debtor" fails to pay when due any amount owed by it to BHB under this Agreement.

14. Pursuant to paragraph 5.2 of Agreement 2, entitled "Remedies," upon default TEI, BHB may "declare the indebtedness hereunder to be immediately due and payable."

15. On or about September 1, 2019, TEI defaulted under the terms of Agreement 2 by failing to make the minimum monthly payment.

*Loan and Security Agreement 3*

16. On or about February 15, 2016, TEI entered into a Loan & Security Agreement (hereinafter "Agreement 3") with BHB in the total amount of $71,106.00, attached hereto as **Exhibit D**, for the purchase of the following:

3

| Year | Manufacturer | Model | Description | Serial Number |
|---|---|---|---|---|
| 2017 | WABASH | DRY VANS | DRY VANS: 53' | 1JJV532D2HL960334 |
| 2017 | WABASH | DRY VANS | DRY VANS: 53' | 1JJV532D5HL960330 |

17. Pursuant to Agreement 3, TEI agreed to make monthly payments of $1,185.10 for the purchase of the above Equipment (hereinafter "Equipment 3") beginning on or about April 1, 2016 for a term of 60 months.

18. Pursuant to paragraph 5.1 of Agreement 3, entitled "Events of Default," TEI will be in default under the loan if "Debtor" fails to pay when due any amount owed by it to BHB under this Agreement.

19. Pursuant to paragraph 5.2 of Agreement 3, entitled "Remedies," upon default TEI, BHB may "declare the indebtedness hereunder to be immediately due and payable."

20. On or about September 1, 2019, TEI defaulted under the terms of Agreement 3 by failing to make the minimum monthly payment.

*Loan and Security Agreement 4*

21. On or about November 5, 2018, TEI entered into a Loan & Security Agreement (hereinafter "Agreement 4") with BHB in the total amount of $234,871.20, attached hereto as **Exhibit E**, for the purchase of the following:

| Year | Manufacturer | Model | Description | Serial Number |
|---|---|---|---|---|
| 2016 | VOLVO | VNL-SERIES | VNL-SERIES: VNL64T/670 SLPR 173"BBC CONV CAB SBA TRACTOR 6X4 | 4V4NC9EH0GN937108 |
| 2016 | VOLVO | VNL-SERIES | VNL-SERIES: VNL64T/670 SLPR 173"BBC CONV CAB SBA TRACTOR 6X4 | 4V4NC9EH0GN937111 |
| 2016 | VOLVO | VNL-SERIES | VNL-SERIES: VNL64T/670 SLPR 173"BBC CONV CAB SBA TRACTOR 6X4 | 4V4NC9EHXGN937102 |

22. Pursuant to Agreement 4, TEI agreed to make monthly payments of $4,893.15 for the purchase of the above Equipment (hereinafter "Equipment 4") beginning on or about January 1, 2019 for a term of 48 months.

23. Pursuant to paragraph 5.1 of Agreement 4, entitled "Events of Default," TEI will be in default under the loan if "Debtor" fails to pay when due any amount owed by it to BHB under this Agreement.

24. Pursuant to paragraph 5.2 of Agreement 4, entitled "Remedies," upon default TEI, BHB may "declare the indebtedness hereunder to be immediately due and payable."

25. On or about August 1, 2019, TEI defaulted under the terms of Agreement 4 by failing to make the minimum monthly payment.

*Loan and Security Agreement 5*

26. On or about January 11, 2019, TEI entered into a Loan & Security Agreement (hereinafter "Agreement 5") with BHB in the total amount of $123,965.40, attached hereto as **Exhibit F**, for the purchase of the following:

| Year | Manufacturer | Model | Description | Serial Number |
|---|---|---|---|---|
| 2019 | STOUGHTON | DRY VANS | DRY VANS: 53' | 1DW1A5327KBA29916 |
| 2019 | STOUGHTON | DRY VANS | DRY VANS: 53' | 1DW1A5328KSA29939 |
| 2019 | STOUGHTON | DRY VANS | DRY VANS: 53' | 1DW1A5329KBA29917 |

27. Pursuant to Agreement 5, TEI agreed to make monthly payments of $2,066.09 for the purchase of the above Equipment (hereinafter "Equipment 5") beginning on or about March 1, 2019 for a term of 60 months.

28. Pursuant to paragraph 5.1 of Agreement 5, entitled "Events of Default," TEI will be in default under the loan if "Debtor" fails to pay when due any amount owed by it to BHB under this Agreement.

29.     Pursuant to paragraph 5.2 of Agreement 5, entitled "Remedies," upon default TEI, BHB may "declare the indebtedness hereunder to be immediately due and payable."

30.     On or about September 1, 2019, TEI defaulted under the terms of Agreement 5 by failing to make the minimum monthly payment.

*Modification Agreements*

31.     On or about September 21, 2016, BHB sent Modification Agreements as to Agreements 1, 2 and 3 only, incorporating new payment schedules. True and correct copies of the Modification Agreements are attached hereto as **Exhibit G**.

*Continuing Guaranties*

32.     Lipovac executed multiple Continuing Guaranties (hereinafter the "Guaranties"). True and correct copies of the Guaranties are attached collectively as **Exhibit H**.

33.     Pursuant to the Guaranties, Lipovac agreed to the prompt payment and performance of all obligations, liabilities and undertakings of TEI to BHB.

34.     Lipovac, as personal guarantor of the debts of TEI, has failed to cure the default of TEI.

**COUNT I: BREACH OF CONTRACT**
**(LOAN AND SECURITY AGREEMENTS)**

35.     BHB incorporates by reference Paragraphs 1 through 34, as if set forth at length herein.

36.     BHB and TEI entered into valid contracts (Agreements 1 through 5, collectively the "Agreements") wherein TEI agreed to make monthly payments to BHB for use of Equipment 1 through 5 (collectively the "Equipment").

37.     TEI defaulted on the terms of the Agreements and therefore is in default for failure to pay.

38. BHB sustained significant damages in the amount of $221,557.50, due to TEI's breach and default of the Agreements.

**WHEREFORE**, Plaintiff, BMO Harris Bank N.A., demands the following relief against Defendant Tigers Express Inc., compensatory damages in the amount of $221,557.50, as well as interest, reasonable attorneys' fees and costs; and such other relief as the Court may deem equitable and just.

## COUNT II: BREACH OF CONTRACT (CONTINUING GUARANTIES)

39. Plaintiff incorporates by reference Paragraphs 1 through 38, as if set forth at length herein.

40. Lipovac entered into valid written contracts with BHB (the Guaranties) to induce BHB to extend credit to TEI, personally guaranteeing TEI's prompt payment of all amounts owed to BHB, including all of TEI's then-existing and future obligations, debts and liabilities to BHB.

41. Moreover, by executing the Guaranties, Lipovac guarantied the repayment of all amounts due under the Agreements and expressly agreed, and is obligated, to pay BHB's reasonable attorney fees and costs of any action upon TEI's default.

42. BHB demanded from Lipovac that the full amount of TEI's debts, i.e., $221,557.50, plus interest and fees, are to be paid.

43. Lipovac, as personal guarantor of the debts of TEI, has defaulted on the contractual obligations by failing to pay said amount.

**WHEREFORE**, Plaintiff, BMO Harris N.A., demands judgment against Defendant Andrija Lipovac in the amount of $221,557.50, as well as reasonable attorney fees and costs and such other relief as the court may deem equitable and just.

Date: October 29, 2021

**WONG FLEMING, P.C.**
*Attorneys for Plaintiff BMO Harris Bank N.A.*

By: */s/ James K. Haney*
James K. Haney
821 Alexander Road, Suite 200
Princeton, NJ 08543
Tel: (609) 951-9520
Fax: (609) 951-0270
Email: jhaney@wongfleming.com